Joel B. Robbins (011065)
Anne E. Findling (010871)
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012-0001
Telephone: (602) 285-0100
Facsimile: (602) 265-0267
joel@robbinsandcurtin.com
anne@robbinsandcurtin.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Semisi Pongi Tai, an individual, on behalf of himself and the statutory beneficiaries of Matangi Tai, deceased, and as personal representative of the Estate of Matangi Tai; Hakiti Pongi Tai, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> City of Mesa, Arizona, a municipality; Officer Chad Sershen, in his official capacity as an officer with the Mesa Police Department; Officer Austin Figueroa, in his official capacity as an officer with the Mesa Police Department; Officer Mark P. Garera, in his official capacity as an officer with the Mesa Police Department; and Officer Aaron Pew, in his official capacity as an officer with the Mesa Police Department, <br><br> Defendants. | No. 2:14-cv-01170-DGC <br><br> **FIRST AMENDED COMPLAINT** <br><br> Jury Trial Demanded |

For their First Amended Complaint against Defendants, Plaintiffs Semisi Pongi Tai and Hakiti Pongi Tai allege as follows:

# PARTIES

1. Plaintiffs Semisi Pongi Tai and Hakiti Pongi Tai were and are residents of the State of Arizona, County of Maricopa. They were the natural parents of Matangi Tai. Semisi Pongi Tai is also the personal representative of the Estate of Matangi Tai. He is named in this matter on his own behalf and on behalf of the statutory beneficiaries of Matangi Tai.

2. Defendant City of Mesa is a municipality organized in the State of Arizona. Defendant City of Mesa was properly served with a notice of claim which complied with Arizona statutes and law.

3. Defendant Chad Sershen at all times relevant to this Complaint was an employee of the City of Mesa and was acting on behalf and in the course and scope of his employment at the time of the incidents complained of in this complaint.

4. Defendant Austin Figueroa at all times relevant to this Complaint was an employee of the City of Mesa and was acting on behalf and in the course and scope of his employment at the time of the incidents complained of in this complaint.

5. Defendant Mark Garera at all times relevant to this Complaint was an employee of the City of Mesa and was acting on behalf and in the course and scope of his employment at the time of the incidents complained of in this complaint.

6. Defendant Aaron Pew at all times relevant to this Complaint was an employee of the City of Mesa and was acting on behalf and in the course and scope of his employment at the time of the incidents complained of in this complaint.

7. The individual defendants are state actors as that term is used in the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983. They were acting at all times under color of state law. They are named individually and in their respective capacities as employees of their respective state agencies.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

## JURISDICTION AND VENUE

8. This action arises under the Constitution of the United States, particularly the Fourth, Fifth, and Fourteenth Amendments, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. § 1983.

9. This Court has jurisdiction over Plaintiffs' federal civil rights claim pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 144.

10. The acts complained of occurred in Maricopa County, State of Arizona. All defendants currently reside or work, or resided or worked at relevant times, within the State of Arizona. Thus, venue is proper in the District of Arizona pursuant to U.S.C. § 1391(b).

## FACTUAL BACKGROUND

11. At the time of the incidents at issue in this Complaint, Matangi Tai suffered from mental illness. He was a vulnerable adult as defined by A.R.S. § 46-455, and a disabled person as defined by the Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq.* and the Arizonans with Disabilities Act, § 41-1492, *et. seq.* Plaintiffs are associated with a person with disabilities.

12. On May 30, 2013, Mesa Police Department arrested Matangi Tai, while under the effect of mental illness, he was attempting to fill a pharmacy prescription at a Circle K convenience store.

## CLAIMS FOR RELIEF

### Count One

### 42 U.S.C. § 1983

13. Plaintiffs reassert and re-allege each and every paragraph above, as though fully asserted herein.

14. Defendants knew that Mr. Tai suffered from a mental illness. Indeed, the incident at issue began when the officers were contacted because Mr. Tai was inexplicably attempting to obtain a pharmacy prescription from a Circle K convenience store.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

15. Despite their knowledge of Mr. Tai's mental illness, the officers attacked Matangi when he would not sit down. Among other things, Officer Sershen slammed Matangi's head into the ground, punched his body, and delivered multiple drive-stuns to his body after he was clearly being compliant.

16. Among other things, Officer Figueroa, while Matangi was detained and compliant, punched him in the face/head multiple times, and assisted Officer Sershen in drive-stunning Matangi by holding him down.

17. Among other things, Officer Garera held Matangi down while he was being drive-stunned by Sershen and sprayed pepper spray into Matangi's mouth and eyes, after Matangi was detained and compliant.

18. Among other things, Officer Pew held Matangi down while being pepper sprayed by Officer Garera.

19. The attack constituted objectively unreasonable force.

20. The conduct of the officers as described herein breached Mr. Tai's right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution. The Defendants' conduct also violated Mr. Tai's rights under the Due Process Clause of the United States Constitution, and the Equal Protection Clause of the United States Constitution.

21. As a consequence of Defendants' misconduct, Plaintiff suffered pre-death pain, suffering, anxiety, and general damages prior to his death on July 22, 2013.

22. Plaintiff is entitled to his reasonable attorney's fees pursuant to 42 U.S.C § 1988.

### Count Two

### Title II of the Americans with Disabilities Act & Rehabilitation Act of 1973

23. Plaintiffs reassert and re-allege each and every paragraph above, as though fully asserted herein.

24. This cause of action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq. ("Rehabilitation Act").

25. As a result of his severe mental illness, Matangi Tai had a disability under the meaning of the ADA and Rehabilitation Act.

26. Defendant City of Mesa is a public entity within the meaning of the ADA and Rehabilitation Act.

27. The ADA and Rehabilitation Act bring within their scope "anything a public entity does." *Pennsylvania Dep't of Corr. v. Yeskey*, 118 F.3d 168, 171 & n.5 (3d Cir. 1997), aff'd 524 U.S. 206 (1998) (quoting 28 C.F.R. Pt. 35, App. A, preamble to ADA regulations). This includes arrests. *Sheehan v. City and County of San Francisco,* 743 F.3d 1211, 1232 (9th Cir. 2014).

28. Defendant City of Mesa had a duty to make reasonable accommodation to their arrest procedures and use of force procedures when confronting a person with a disability, such as Matangi Tai, including, among other things, providing specialized training of police officers to identify and interact with mentally ill and mentally disabled people in determining the necessity of arrest or use of force.

29. By Defendant City of Mesa's above-described acts and omissions, Defendant discriminated against Matangi Tai by reason of his disability. Defendant's acts and omissions constitute a violation of their duties under the ADA and Rehabilitation Act.

30. Defendant City of Mesa is responsible for the acts of its officers, directly due to (1) Defendant's deliberately indifferent and/or wrongful policies, procedures, practices and customs, (2) Defendant's deliberate indifference and/or wrongful conduct with respect to the training of their police officers, and (3) Defendant's deliberate indifference and/or wrongful conduct with respect to the supervision of its officers.

31. As a direct and proximate result of Defendant's acts and omissions alleged above, Matangi Tai was wrongfully attacked rather than the alternative which was to obtain mental health care assistance.

32. As a consequence, Matangi Tai suffered pain, suffering, and was discriminated against as a result of his disability.

33. Plaintiffs are entitled to recover reasonable attorneys' fees under 42 U.S.C. § 12205 and 29 U.S.C. § 794a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For other general damages, including but not limited to pain and suffering and loss of enjoyment of life prior to his death;

B. For taxable costs and pre- and post-judgment interest to the extent permitted by law;

C. For attorneys' fees to the extent permitted by law; and

D. Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED: September 30, 2014

**ROBBINS & CURTIN, p.l.l.c.**

By: /s/ Joel B. Robbins
Joel B. Robbins
Anne E. Findling
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jason K. Reed, Esq.
Marc T. Steadman, Esq.
City of Mesa Attorney's Office
P.O. Box 1466
Mesa, Arizona 85211-1466
*Attorneys for Defendants*

By: /s/ Julie W. Molera